# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| **TIFFANY SPILLER,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | **CIVIL ACTION NO.** |
| v. | § | |
| | § | |
| **BEAUMONT INDEPENDENT** | § | **1:06CV722** |
| **SCHOOL DISTRICT,** | § | |
| **DR. CARROL THOMAS, individually** | § | |
| **and in his representative capacity,** | § | **JUDGE MARCIA A. CRONE** |
| **ROLAND ANTOINE, individually and** | § | |
| **in his representative capacity, AND** | § | |
| **TOMMY FLOYD GRANGER,** | § | |
| **individually and in his representative** | § | |
| **capacity,** | § | |
| | § | |
| | § | |
| Defendants. | § | Jury Trial Demanded |

## PLAINTIFF, TIFFANY SPILLER'S, FIRST AMENDED COMPLAINT AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Tiffany Spiller, hereinafter called Plaintiff, complaining of and about Beaumont Independent School District, Dr. Carrol Thomas, Roland Antoine, Tommy Floyd Granger, hereinafter called Defendants, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1. Plaintiff Tiffany Spiller ("Spiller"), is a citizen of the United States and the State of Texas and resides in Jefferson County, Texas.

2. Defendant Beaumont Independent School District ("BISD") may be served with citation by serving the President of its Board of Trustees, Martha Hicks.

3. Defendant Dr. Carrol Thomas ("Thomas") is a citizen of the State of Texas. Said Defendant may be personally served with process wherever he may be located.

4. Defendant Roland Antoine ("Antoine") is a citizen of the State of Texas. Said Defendant may be personally served with process wherever he may be located.

5. Defendant Tommy Floyd Granger ("Granger") is a citizen of the State of Texas. Said Defendant may be personally served with process wherever he may be located.

## JURISDICTION

6. The action arises under 42 U.S.C. § 1983, 20 U.S.C. §§ 1681-1687 (Title IX, Education Amendments of 1972). This Court has jurisdiction over the federal claims in this action pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1331.

7. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## NATURE OF ACTION

8. This is an action to vindicate the civil rights of Spiller under 42 U.S.C. § 1983, 20 U.S.C. §§ 1681-1687 (Title IX, Education Amendments of 1972), against various defendants for their violations of her constitutional right to bodily integrity, their negligence, negligent hiring, negligent supervision, negligent training, negligent retention, intentional infliction of emotional distress, assault, battery, false imprisonment, sexual harassment, sexual assault, and sex discrimination of Spiller.

## FACTS

9. Spiller was a 14 year-old freshman at Ozen High School during the 2001-2002 school year. She graduated in 2005.

**BISD Knew of Sex Clubs Which Preyed on Young Students**

10. Granger was involved with an organization called the 3K, on and off campus, during and after school hours. The 3K –Koochie Kissing Klick – existed long before Spiller ever attended Ozen High School.

11. Some students had "3K" tattooed to their biceps, wore 3K clothing and jewelry, and otherwise publicized how popular the group was.

12. It was well-known to the faculty, staff, students and general community that the club existed and that young high school girls were recruited to perform oral sex upon or to have oral sex performed on them (among other sexual activities) by current and former student athletes.

13. In order for a high school male athlete to become a member, he had to perform oral sex on a girl while other club members watched.

14. It was also well-known that Granger encouraged his athletes to join 3K. When one club recruit bragged to Granger about his relationship with Spiller, Granger, during school hours, began recruiting Spiller to sexually service the club members.

15. During school hours and on school property, Granger showed Spiller a certificate naming him to be the "Father of 3K".

**BISD Allowed Uncertified Teachers Unrestricted Access to Students**

16. Granger was authorized only as an Educational Aide III and only from September 27, 1999 through October 31, 2004.

17. During her freshman year, Spiller was assigned to SAC where Granger was the supervising district employee, although he never had a valid teaching certificate.

18. Granger made Spiller sit next to him as a form of "punishment" for some real or imagined act of insubordination. While she sat next to him, Granger would write sexually explicit and suggestive notes to her—eliciting sexually-suggestive communication and soliciting sexual

encounters. Among other things he wrote was an inquiry about who Spiller "would tell if they had sex." When Spiller told him a name of a friend, he told her that she couldn't tell anyone and made her promise not to tell. Granger gave Spiller his personal contact information and would contact her both inside and outside of school.

19. Among the many salacious conversations that Granger initiated with Spiller, was a series of conversations about oral sex. Granger inquired of Spiller whether she'd ever had oral sex performed on her. He told her that the word was out that "she tasted good." He implied that he wanted to know firsthand whether it was true. He informed her that she needed to have oral sex "done right."

20. Granger arranged for a former Ozen student and 3K member (Byron Bell) who had graduated the year before to come up and meet with Spiller while she was in SAC. When Bell arrived at the SAC building (which at the time was far removed from the main campus), Granger instructed Spiller to go with him. During school hours and on school grounds, Bell performed oral sex on Spiller while Granger kept other district employees and students away. The same day, Granger then made Spiller accompany both men to another part of an unoccupied field house where he and Bell each fondled Spiller and simultaneously licked and sucked on her breasts. When Granger made it clear to Spiller that he wanted to perform oral sex on her, telling her to "stay here so you and me can do something", she left to go have lunch with Bell so as not to be alone with Granger. When she returned, Granger was angry with Spiller that she didn't stay and have sex with him.

21. Granger facilitated other sexual liaisons during school hours with Spiller and other football players/club members. Granger would then require Spiller to discuss the details of the encounters with him.

**BISD Tolerated Teachers' Sexual Involvement and Inappropriate Conduct with Students**

22. Among the improper relationships Granger had with his students, he went to parties with them and participated on campus and off campus in sexual dalliances. Granger apparently wasn't the only teacher doing so. At the time of Granger's deplorable conduct with Spiller, improper relationships between teachers and students was epidemic. It appears that several past and several current teachers were likewise sexually involved with students. In some situations, when students complained of sexual misconduct involving their teachers, they were made by BISD staff members to recant their stories to say they were lying to cover up the employee wrong-doing. A female teacher was allowed to resign rather than being promptly terminated when she became pregnant with a student's child. Teachers went to parties with students where they commonly drank alcohol and smoked marijuana with them. Various teachers –male and female—are well known for their sexual activity with their students.

**BISD Repeatedly Ignored Specific Complaints about Spiller**

23. In September 2004, Spiller told her life story to her caseworker which is the first time she told an adult about Granger and the sexually hostile environment to which he subjected her. A report was made to CPS, and local law enforcement began an investigation. Notwithstanding having this knowledge in 2004, BISD did nothing to Granger nor did anything to eliminate the sexually hostile environment at Ozen High School.

24. On or about May 30, 2005, Mrs. Tammy Spiller, Spiller's mother and a BISD employee, told Beth Fischenich, Assistant Superintendent for Secondary Schools, that Spiller couldn't attend summer school at Ozen High School because she was sexually molested by a teacher who taught there. Ms. Fischenich inquired as to who the teacher was, and merely explained that Spiller didn't have to worry because he wouldn't be teaching there that summer. No

investigation ensued; Granger was allowed in his current capacity. Granger is still employed by BISD.

25. On or about August 23, 2005, Mrs. Tammy Spiller, a BISD employee, met with Anita Watson (Director of Special Education) and Sybil Comeaux (Executive Director of Personnel) to discuss why she would not be able to work at Ozen High School. She told them that she couldn't work at a campus where an employee who sexually assaulted her daughter was still employed. This conversation was memorialized in a letter dated August 24, 2005, that Mrs. Spiller wrote to Anita Watson and copied to Sybil Comeaux and Matilda Hickman. No one in the meeting or in response to the letter contacted the Spiller family nor did anything to investigate the sexual assault.

**BISD Allowed Known Sex Offenders Access to Students**

26. Based upon information and belief, a registered sex offender for aggravated sexual assault of a 15-year-old, was allowed to volunteer and coach Ozen High School athletes and ride the bus with them for four years before being recently dismissed from his volunteer duties. When asked about this volunteer, a BISD employee reported that he knew that the volunteer was a registered sex offender.

**BISD Leadership Engaged in Inappropriate Sexual Relationships**

27. Based upon information and belief, Roland Antoine, principal during Granger's conduct involving Spiller, was having at least one extra-marital affair and subsequently looked the other way when he learned of complaints about his faculty and staff's sexual misconduct.

**BISD Continues to Ignore Its' Employees Sexual Misconduct**

28. Granger continued to "teach" and "coach" nearly two years after his TEA certification lapsed and, egregiously, after the district had been contacted on several occasions directly by the Spiller family and through law enforcement of his sexual misconduct.

29. In August 2006, a Jefferson County grand jury indicted Tommy Granger for his conduct with Spiller.

30. As of October 13, 2006, Granger was still listed on the staff roster of Ozen High School and is still employed.

**BISD Retaliated Against Spiller and Deprived Her of Educational Opportunities and Benefits**

31. Not only did BISD fail to protect Spiller when it knew or should have known about the sexually-charged environment at Ozen High School, but it also retaliated against Spiller by changing grades, and removing credits and not allowing her to graduate when she could have. Antoine even participated in a cover-up involving a subsequent disciplinary issue with Spiller in telling the students not to record what their teacher said about wanting to kill Spiller.

32. The conduct at Ozen High School was so severe, pervasive, and objectively offensive that it deprived Spiller and many other students of educational opportunities and benefits.

**BISD Failed to Take Corrective Measures**

33. BISD did not appropriately respond to specific complaints about Spiller. BISD was tacitly and deliberately indifferent to the sexually-charged and sexually hostile environment pervasive at Ozen High School between employees and students and between students and former/current students.

## SEX DISCRIMINATION AND SEXUAL HARASSMENT

34. Defendant, Beaumont Independent School District, by and through Defendant's agents, intentionally engaged in discriminatory practices involving Plaintiff because she is a female.

35. Defendant, by and through Defendant's agents, sexually harassed Plaintiff, as described above, in violation of her rights under 42 U.S.C. Section 1983 and Title IX. Defendant,

Beaumont Independent School District, knew or should have known of the harassment, yet failed to take prompt remedial action.

## DISCRIMINATION

36. Defendant, Beaumont Independent School District, by and through Defendant's agents, discriminated against Plaintiff in connection with the terms, conditions and privileges of her education or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of any educational opportunity or adversely affect her status because of Plaintiff's sex in violation of 42 U.S.C. Section 1983 and Title IX.

37. Plaintiff alleges that Defendant, Beaumont Independent School District, by and through Defendant's agents, discriminated against Plaintiff on the basis of sex with malice or with reckless indifference to the state-protected rights of Plaintiff.

## RESPONDEAT SUPERIOR AND RATIFICATION

38. Whenever in this complaint it is alleged that the Defendant, Beaumont Independent School District, did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## ASSAULT AND BATTERY BY TOMMY FLOYD GRANGER

39. Defendant Tommy Floyd Granger intentionally, knowingly, or recklessly made contact with Plaintiff's person or threatened Plaintiff with imminent bodily injury which caused injury to Plaintiff. Plaintiff suffered damages for which Plaintiff herein sues.

## FALSE IMPRISONMENT BY GRANGER

40. Defendant Granger willfully detained Plaintiff. Plaintiff did not consent to the detention and the detention was without legal authority or justification. Plaintiff suffered damages for which Plaintiff herein sues.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY DEFENDANTS

41. Defendants intentionally or recklessly caused Spiller emotional distress by his outrageous conduct. Defendants' conduct was extreme and outrageous and proximately caused Plaintiff severe emotional distress. Plaintiff suffered damages for which Plaintiff herein sues. Defendants knew or should have known that emotional distress was the likely result of the conduct described herein. The sexual abuse, harassment and discrimination described herein is extreme and outrageous, is beyond all possible bounds of decency and is utterly intolerable in a civilized community. The acts and omissions of the Defendants were the cause of Spiller's distress. The emotional distress sustained by the Plaintiff was severe and of a nature that no reasonable person could be expected to endure.

## NEGLIGENCE BY BEAUMONT INDEPENDENT SCHOOL DISTRICT

42. Defendant Beaumont Independent School District owed Spiller legal duty to protect her from harm while under its care, custody, and control. Defendant breached this duty which proximately caused injury to Plaintiff. Plaintiff seeks all available damages for injuries caused by Defendant's negligence. BISD was negligent in failing to provide a safe environment free from sexual harassment, physical, verbal and emotional abuse and discrimination. BISD is liable for the negligent acts of all school personnel acting within the scope of their employment while engaged in the conduct alleged in this Complaint.

### NEGLIGENCE BY DR. CARROL THOMAS

43. Defendant Dr. Carrol Thomas owed Spiller legal duty to protect her from harm while under his care, custody, and control. Defendant breached this duty which proximately caused injury to Plaintiff. Plaintiff seeks all available damages for injuries caused by Defendant's negligence.

### NEGLIGENCE BY ROLAND ANTOINE

44. Defendant Roland Antoine owed Spiller legal duty to protect her from harm while under his care, custody, and control. Defendant breached this duty which proximately caused injury to Plaintiff. Plaintiff seeks all available damages for injuries caused by Defendant's negligence.

### NEGLIGENCE BY TOMMY FLOYD GRANGER

45. Defendant Tommy Floyd Granger owed Spiller legal duty to protect her from harm while under his care, custody, and control. Defendant breached this duty which proximately caused injury to Plaintiff. Plaintiff seeks all available damages for injuries caused by Defendant's negligence.

### NEGLIGENT HIRING, SUPERVISION, TRAINING AND RETENTION BY BEAUMONT INDEPENDENT SCHOOL DISTRICT

46. Plaintiff alleges that the conduct of Defendant BISD constituted negligent hiring, supervision, training and retention. Plaintiff alleges that Defendant Beaumont Independent School District did not properly screen, evaluate, investigate, or take any reasonable steps to determine whether Tommy Floyd Granger was unfit, incompetent, or a danger to third parties. Defendant Beaumont Independent School District knew or should have known that Tommy Floyd Granger was unfit and could foresee that Tommy Floyd Granger would come in contact with Plaintiff, creating a risk of danger to Plaintiff. Defendant Beaumont

Independent School District's failure to exercise reasonable care in the hiring, supervision, training and retention of Tommy Floyd Granger was the proximate cause of damages to Plaintiff for which Plaintiff hereby sues.

### NEGLIGENT HIRING, SUPERVISION, TRAINING AND RETENTION BY DR. CARROL THOMAS

47. Plaintiff alleges that the conduct of Defendant Dr. Carrol Thomas constituted negligent hiring, supervision, training and retention. Plaintiff alleges that Defendant Dr. Carrol Thomas did not properly screen, evaluate, investigate, or take any reasonable steps to determine whether Tommy Floyd Granger was unfit, incompetent, or a danger to third parties. Defendant Dr. Carrol Thomas knew or should have known that Tommy Floyd Granger was unfit and could foresee that Tommy Floyd Granger would come in contact with Plaintiff, creating a risk of danger to Plaintiff. Defendant Dr. Carrol Thomas's failure to exercise reasonable care in the hiring, supervision, training and retention of Tommy Floyd Granger was the proximate cause of damages to Plaintiff for which Plaintiff hereby sues.

### NEGLIGENT HIRING, SUPERVISION, TRAINING AND RETENTION BY ROLAND ANTOINE

48. Plaintiff alleges that the conduct of Defendant Roland Antoine constituted negligent hiring, supervision, training and retention. Plaintiff alleges that Defendant Roland Antoine did not properly screen, evaluate, investigate, or take any reasonable steps to determine whether Tommy Floyd Granger was unfit, incompetent, or a danger to third parties. Defendant Roland Antoine knew or should have known that Tommy Floyd Granger was unfit and could foresee that Tommy Floyd Granger would come in contact with Plaintiff, creating a risk of danger to Plaintiff. Defendant Roland Antoine's failure to exercise reasonable care in the hiring, supervision, training and retention of Tommy Floyd Granger was the proximate cause of damages to Plaintiff for which Plaintiff hereby sues

# TITLE IX OF THE EDUCATIONAL AMENDMENTS OF 1972
## *(20 U.S.C. § 1681* (a))

49. BISD receives federal funding.

50. Defendants knew or should have known of the sexual harassment against Plaintiff.

51. Defendants had authority to address the sexual harassment against Plaintiff.

52. Defendants were deliberately indifferent in responding to sexual harassment against Plaintiff.

53. Sexual harassment was so severe and pervasive and objectively offensive that it deprived Spiller of access to the educational opportunities and benefits provided by the school.

54. Spiller was subject to conduct of a sexual nature that unreasonably interfered with her education by creating an intimidating, hostile, humiliating and sexually offensive educational environment.

55. Spiller was excluded from and discriminated against obtaining the advantages, privileges and courses of study at BISD as a result of sexual harassment and a sexually hostile environment.

56. Defendants failed to establish and/or utilize effective policies and procedures and/or to implement monitoring and evaluation practices to insure that sexual harassment was eliminated.

57. Sexual harassment discrimination created an obstacle to access BISD school programs for Spiller.

58. Defendants failed to prevent harassment and discrimination and failed to respond promptly to such discrimination and harassment when they had knowledge of its occurrence.

59. Defendants failed to provide and/or utilize adequate in-service training regarding the prevention of discrimination and harassment and the appropriate methods for responding to such discrimination and harassment in a school setting.

60. Spiller was denied access to policies and procedures regarding protections against sexual harassment and sexual abuse.

## DEPRIVATION OF RIGHTS *(42 U.S.C. 1983)*

61. At all times material to this Complaint, Defendants were acting under color of federal and state laws, statutes, ordinances, codes and regulations while depriving the Plaintiff of established legal rights, including but not limited to:

    a) the right to be free from sexual harassment and sexual abuse; and

    b) the right to be free from discrimination on the basis of gender.

## DAMAGES

62. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendants described hereinabove:

    a. Actual damages;

    b. All reasonable and necessary attorney fees incurred by or on behalf of Plaintiff;

    c. All reasonable and necessary costs incurred in pursuit of this suit;

    d. Emotional pain;

    e. Expert fees as the Court deems appropriate;

    f. Inconvenience;

    g. Prejudgment interest;

    h. Loss of enjoyment of life;

      i.      Mental anguish in the past;

      j.      Mental anguish in the future;

      k.      Reasonable medical care and expenses in the past. These expenses were incurred by Spiller and such charges are reasonable and were usual and customary charges for such services in Jefferson County, Texas;

      l.      Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

      m.      Humiliation;

      n.      Loss of time;

      o.      Physical discomfort; and

      p.      Injury to reputation.

## EXEMPLARY DAMAGES

63. Plaintiff would further show that the acts and omissions of Defendants complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendants for engaging in the violations of Spiller's civil rights and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendants for exemplary damages.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Tiffany Spiller, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; exemplary damages, as addressed to each Defendant, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**Law Offices of Peggy S. Bittick**


By:＿＿＿＿/s/＿＿＿＿＿＿＿＿＿＿＿＿
Peggy S. Bittick
Attorney-in-Charge
Texas Bar No. 00793346
One Themis Place
2400 South Texas Avenue
Pearland, Texas  77581
Tel. (281)485-3500
Fax. (281)485-0171
Attorney for Plaintiff
Tiffany Spiller

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this First Amended Complaint was sent via e-file notification on January 29, 2007 to counsel for Defendants, Melody Chappell.

＿＿＿＿/s/＿＿＿＿＿＿＿＿＿＿＿
Peggy S. Bittick