IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| TIFFANY SPILLER | § | |
|    *Plaintiff* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 1:06-CV-722 |
| | § | |
| BEAUMONT INDEPENDENT SCHOOL | § | JUDGE MARCIA A. CRONE |
| DISTRICT, DR. CARROL THOMAS, | § | |
| individually and in his representative capacity, | § | |
| ROLAND ANTOINE, individually and | § | |
| in his representative capacity, AND | § | |
| TOMMY FLOYD GRANGER, | § | |
| individually and in his representative capacity | § | |
|    *Defendants* | § | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE DISTRICT JUDGE:

COME NOW Beaumont Independent School District ("BISD"), Dr. Carrol Thomas ("Thomas"), Roland Antoine ("Antoine"), and Tommy Floyd Granger ("Granger"), Defendants, and file this Answer to Plaintiff's First Amended Complaint, and respectfully show unto the Court the following:

I.

As to Paragraph 1 of Plaintiff's Amended Complaint, Defendants are without sufficient information to admit or deny that Plaintiff is a citizen of the United States and the State of Texas, and, on information and belief, admit that she resides in Jefferson County, Texas.

II.

Defendant BISD has been served through its counsel of record.

III.

Defendants admit that Defendant Dr. Carrol Thomas is a citizen of the State of Texas.

IV.

Defendants admit that Defendant Roland Antoine is a citizen of the State of Texas.

V.

Defendants admit that Defendant Tommy Floyd Granger is a citizen of the State of Texas.

VI.

Pleading in response to Paragraph 6, Defendants plead that the United States District Court, Eastern District of Texas, Beaumont Division, is the Court of proper jurisdiction and that venue is also proper in this Court. Though Defendants agree that jurisdiction is proper in this Court, Defendants deny that they have in whole or in part committed any of the unlawful acts or omissions alleged by Plaintiff.

VII.

Pleading in response to Paragraph 7, Defendants agree that this Court has pendant jurisdiction over state claims alleged by Plaintiff. However, Defendants assert applicable state immunity and deny that they have in whole or in part committed any of the unlawful acts or omissions alleged by Plaintiff.

VIII.

Pleading in response to Paragraph 8, Defendants deny that they have in whole or in part committed acts that have violated the Civil Rights of Plaintiff, Tiffany Spiller ("Spiller"), under 42 U.S.C. § 1983 and/or 20 U.S.C. §§ 1681-1687. Defendants deny they have in whole or in part violated the bodily integrity of Plaintiff giving rise to a cause of action. Defendants deny that they have in whole or in part committed acts of negligence, negligent hiring, negligent supervision,

negligent training, negligent retention, intentional infliction of emotional distress, assault, battery, false imprisonment, sexual harassment, sexual assault, and sexual discrimination.

IX.

Defendants are without knowledge to admit or deny allegations in Paragraph 9; therefore, Defendants deny these allegations.

X. - XV.

Defendants deny each and every allegation concerning BISD's knowledge of "sex clubs which preyed on young students," contained in Paragraphs 10 through 15.

XVI.

Defendants admit that Granger was an educational aide from September 27, 1999 though August 2006.

XVII.

Defendants are without sufficient information to admit or deny allegations in Paragraph 17; therefore, Defendants deny these allegations. Answering further, students are not assigned to in-school suspension (SAC). Students in BISD may be placed short term in SAC for disciplinary infractions. Defendants deny that Granger did not have a valid certificate necessary to be employed as an aide with BISD.

XVIII. - XXI.

Defendants deny each and every allegation contained in Paragraphs 18 through 21.

XXII.

Defendants deny each and every allegation contained in Paragraph 22. BISD was neither aware nor tolerated teachers' sexual involvement and inappropriate conduct with students as alleged by Plaintiff.

XXIII.

Defendants deny each and every allegation of Plaintiff contained in Paragraph 23.

XXIV.

Defendants deny that Mrs. Spiller reported any sexual molestation of Spiller to BISD.

XXV.

Defendants admit that a meeting was held to discuss the employment of Mrs. Spiller. Defendants deny that any allegations of sexual molestation were made by Mrs. Spiller. Defendants deny that Mrs. Spiller wrote any letter to BISD regarding the alleged assault of her daughter.

XXVI.

Pleading in response to Paragraph 26, Defendants deny that any had knowledge of or allowed a registered sex offender to volunteer at Ozen High School. Defendants do admit that such volunteer was dismissed after the District learned of the volunteer's criminal background.

XXVII.

Pleading in response to Paragraph 27, Defendants deny that BISD leadership engaged in inappropriate sexual relationships. Defendants deny that Spiller made any complaints about faculty or staff sexual misconduct.

XXVIII.

Defendants deny all allegations set forth in Paragraph 28 of Plaintiff's Complaint.

XXIX.

Defendants admit allegations in Paragraph 29 of Plaintiff's Complaint.

XXX.

Pleading in response to allegations in Paragraph 30, Defendants answer that Defendant Granger has been relieved of his duties with BISD since August 2006.

XXXI.

Defendants deny all allegations contained in Paragraph 31 of Plaintiff's Complaint.

XXXII.

Defendants deny all allegations contained in Paragraph 32 of Plaintiff's Complaint.

XXXIII.

Pleading in response to allegations in Paragraph 33, Defendants answer that there were no specific complaints about (sic) Spiller. Defendants deny that BISD was tacitly and/or deliberately indifferent to any alleged sexually hostile environment on the campus of Ozen High School.

XXXIV.

Defendants deny allegations that BISD intentionally discriminated against Spiller because she is female.

XXXV.

Defendants deny allegations that BISD agents sexually harassed Spiller. Answering further, BISD denies allegations that it knew or should have known of the alleged harassment and failed to take remedial action.

XXXVI.

Defendants deny allegations contained in Paragraph 36 of Plaintiff's Complaint.

XXXVII.

Defendants deny allegations contained in Paragraph 37 of Plaintiff's Complaint.

XXXVIII.

Defendant BISD denies allegations in Paragraph 38 to the extent that alleged misconduct was in the course and scope of employment with BISD.

XXXIX.

Defendant Granger denies he intentionally, knowingly, or recklessly made contact with Plaintiff's person or threatened Plaintiff with imminent bodily injury that caused injury to Plaintiff. Defendants deny Plaintiff has suffered damages.

XXXX.

Defendant Granger denies he detained Plaintiff. Defendants deny Plaintiff suffered damages.

XXXXI.

Pleading in response to Paragraph 41, Defendants deny allegations that Defendants intentionally or recklessly inflicted emotional distress upon Spiller. Defendants deny Plaintiff suffered damages and/or emotional distress.

XXXXII.

Defendant BISD denies that it breached its duty to protect Plaintiff. BISD denies that it was negligent in providing a safe environment for Plaintiff. BISD denies that it is liable for any alleged acts of negligence.

XXXXIII.

Defendant Thomas denies that he breached any duty to protect Plaintiff from harm. Defendant denies that Plaintiff has suffered damages.

XXXXIV.

Defendant Antoine denies that he breached any duty to protect Plaintiff from harm. Defendant denies that Plaintiff has suffered damages.

XXXXV.

Defendant Granger denies that he breached any duty to protect Plaintiff from harm. Defendant denies that Plaintiff has suffered damages.

XXXXVI.

Defendant BISD denies allegations contained in Paragraph 46 of Plaintiff's First Amended Complaint. Answering further, Defendant asserts that it is entitled to governmental immunity for state claims of negligent hiring, supervision, training and retention by BISD.

XXXXVII.

Defendant Thomas denies allegations contained in Paragraph 47 of Plaintiff's First Amended Complaint. Answering further, Defendant asserts that it is entitled to governmental immunity for state claims of negligent hiring, supervision, training and retention by BISD.

XXXXVIII.

Defendant Antoine denies allegations contained in Paragraph 48 of Plaintiff's First Amended Complaint. Answering further, Defendant asserts that it is entitled to governmental immunity for state claims of negligent hiring, supervision, training and retention by BISD.

XXXXIX. - LX.

Pleading in response to Paragraphs 49 through 60, Defendants deny any violation of Plaintiff's rights under Title IX of the Educational Amendments of 1972. BISD admits it receives federal funding. All remaining allegation therein are denied.

LXI.

Defendants deny any alleged deprivation of Plaintiff's rights under the color of state law.

LXII.

Pleading in response to Paragraph 62, Defendants deny that Plaintiff is entitled to recovery of any damages. Defendants deny that Plaintiff is entitled to recovery of fees or costs. Plaintiff is not entitled to recover any relief requested in Plaintiff's First Amended Complaint because even if any unlawful discrimination occurred that Defendants expressly deny, Defendants should not be held liable for conduct that is contrary to its express policies, procedures, and good faith efforts to comply with applicable laws.

LXIII.

Defendants assert that Plaintiff is not entitled to an award of exemplary damages against Defendants.

While Plaintiff has requested a trial by jury in this matter, Defendants reserve the right to contest trial by jury of any issues in this cause that are properly to be submitted to the Court for determination, including the issues of attorney fees.

Defendants invoke all applicable restrictions and caps on punitive damages and compensatory damages available under the United States and Texas Constitutions, and the Texas Civil Practices & Remedies Code. The imposition of any punitive damages in this case would violate Defendants' constitutional rights because it would, among other things, violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, the excessive fines clause of the Eighth Amendment to the United States Constitution, and analogous

provisions to the Texas Constitution. In addition, Plaintiff is not entitled to recover punitive damages against a governmental entity.

LXV.

Plaintiff Tiffany Spiller's suit is frivolous, unreasonable, and without foundation. In a civil suit brought under state law, against an independent school district or an officer of an independent school district acting under color of office, the court may award costs and reasonable attorney's fees if the court finds that the suit is frivolous, unreasonable, and without foundation and the suit is dismissed or judgment is for the defendant. BISD, Dr. Carrol Thomas, and Roland Antoine ask for costs and attorneys fees in the event this Court finds Plaintiff Tiffany Spiller's suit is frivolous, unreasonable, and without foundation; and this Court either dismisses this suit this suit or judgment is for BISD, Dr. Carrol Thomas, and/or Roland Antoine.

LXVI.

To the extent that Plaintiff's allegations have not been admitted expressly, strict proof of all such claims is respectfully demanded. All allegations of wrongdoing and discrimination and all claims of entitlement to damages, including those sought in prayer of Plaintiff's Complaint, are expressly denied.

WHEREFORE, PREMISES CONSIDERED Defendants pray that Plaintiff recover nothing from Defendants and that Defendants go hence, recovering their costs of court, attorney fees, and such other and further relief to which Defendants may be entitled whether in law or in equity.

Respectfully submitted,

WELLS, PEYTON, GREENBERG & HUNT, LLP

By:/s/ *Melody G. Chappell*
    Melody G. Chappell
    Texas Bar No. 00785096
    Nancy Y. Hart
    Texas Bar No. 24012795
    550 Fannin Street, Sixth Floor
    Beaumont, Texas 77701
    Telephone: (409) 838-2644
    Fax: (409) 838-4713

ATTORNEY FOR DEFENDANTS

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been served in accordance with the Federal Rules of Civil Procedure as follows:

***VIA E-FILE NOTIFICATION***
Ms. Peggy S. Bittick
One Themis Place
2400 South Texas Avenue
Pearland, Texas 77581
*Attorney for Plaintiff*

*VIA E-FILE NOTIFICATION*
Mr. Robert J. Hambright
Orgain, Bell & Tucker
470 Orleans
Beaumont, Texas 77701
*Attorney for Defendant Tommy Floyd Granger*

DATED: February 22, 2008

        /s/ *Melody G. Chappell*
        MELODY G. CHAPPELL