IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| TIFFANY SPILLER<br>*Plaintiff*<br><br>v.<br><br>BEAUMONT INDEPENDENT SCHOOL DISTRICT, DR. CARROL THOMAS, individually and in his representative capacity, ROLAND ANTOINE, individually and in his representative capacity, AND TOMMY FLOYD GRANGER, individually and in his representative capacity<br>*Defendants* | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 1:06-CV-722<br><br>JUDGE MARCIA A. CRONE |

## DEFENDANT TOMMY FLOYD GRANGER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE DISTRICT JUDGE:

COMES NOW Tommy Floyd Granger ("Granger"), one of the defendants herein, and files this Answer to Plaintiff's First Amended Complaint.

I.

Granger respectfully shows unto the Court the following, numbering the paragraphs hereof to correspond to those of the Complaint:

1. Granger is without sufficient information to admit or deny that Plaintiff is a citizen of the United States and the State of Texas, and, on information and belief, admits that she resides in Jefferson County, Texas.

2. Granger does not deny that BISD has been served.

3. Granger does not deny that Dr. Carrol Thomas is a citizen of the State of Texas.

1

4. Granger does not deny that Roland Antoine is a citizen of the State of Texas.

5. Granger admits that he is a citizen of the State of Texas and that he has been served.

6. Granger admits that venue is proper and that court has jurisdiction over federal claims of the type plaintiff asserts. Granger denies that the facts fit the theories pleaded and denies the material allegations of paragraph 6.

7. Granger admits that this Court has pendent jurisdiction over state claims of the type alleged by Plaintiff. However, Granger denies that the facts fit the theories pleaded and denies the material allegations of paragraph 7.

8. Granger denies the allegations and characterizations of paragraph 8.

9. Granger is without knowledge to admit or deny the allegations of paragraph 9; therefore, Granger denies these allegations.

10.-15. Granger denies the allegations and characterizations of paragraphs 10 through 15.

16. Granger denies the allegations and characterizations of paragraph 16.

17.-21. Granger denies the allegations and characterizations of paragraphs 17 through 21.

22.-25 Granger denies the allegations and characterizations of paragraphs 22 through 25.

26. Granger has insufficient information to admit or deny the allegations of paragraph 26; therefore, Granger denies these allegations.

27. Granger has insufficient information to admit or deny the allegations of paragraph 27; therefore, Granger denies these allegations.

28. Granger denies the allegations and characterizations of paragraph 28.

29. Granger admits the allegations in paragraph 29 and would show that he was tried and acquitted.

30. Granger admits that he is employed by BISD.

31.-33. Granger denies the allegations and characterizations of paragraphs 31 through 33.

34.-37. Granger denies all allegations contained in paragraphs 34 through 37.

38. Granger acted appropriately and professionally at all times as an employee of BISD and denies the allegations and characterizations to the contrary in paragraph 38.

39.-41. Granger denies the allegations and characterizations of paragraphs 39 through 41.

42. Granger denies the allegations and characterizations of paragraph 42.

43.-44. Granger denies the allegations and characterizations of paragraphs 43 through 44.

45. Granger denies that he breached any duty to protect Plaintiff from harm. Granger otherwise denies the allegations and characterizations of paragraph 45.

46.-48. Granger denies the allegations and characterizations of paragraphs 46 through 48.

49.-60. To they extent they are or may be construed as directed toward him, Granger denies the allegations and characterizations of paragraphs 49 through 60.

62. Granger denies that Plaintiff is entitled to recovery of any damages or other relief.

63. Granger denies that Plaintiff is entitled to an award of exemplary damages.

II.

While Plaintiff has requested a trial by jury in this matter, Granger reserves the right to contest trial by jury of any issues in this cause that are properly to be submitted to the Court for determination, including the issues of attorney fees.

III.

Granger invokes all applicable restrictions and caps on punitive damages and compensatory damages available under the United States and Texas Constitutions, and the Texas Civil Practices & Remedies Code. The imposition of any punitive damages in this case would violate Granger's constitutional rights because it would, among other things, violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, the excess fines clause of the Eighth Amendment to the United States Constitution, and analogous provisions to the Texas Constitution.

IV.

Plaintiff Tiffany Spiller's suit is frivolous, unreasonable, and without foundation and therefore Granger seeks recovery of costs and reasonable attorney's fees against plaintiff.

V.

To the extent that Plaintiff's allegations have not been admitted expressly, strict proof of all such claims is respectfully demanded. All allegations of wrongdoing and all

claims of entitlement to damages, including those sought in the prayer of Plaintiff's Complaint, are expressly denied.

WHEREFORE, PREMISES CONSIDERED Granger prays that Plaintiff recover nothing from Granger and that Granger go hence, recovering his costs of court, attorneys fees, and such other and further relief to which Granger may be entitled whether in law or in equity.

Respectfully submitted,

ORGAIN BELL & TUCKER, LLP
470 Orleans Street
P. O. Box 1751
Beaumont, TX 77704-1751
(409) 838-6412 Telephone
(409) 838-6959 Facsimile

_____
Robert J. Hambright
State Bar No. 08814300

ATTORNEYS FOR DEFENDANT
TOMMY FLOYD GRANGER

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Defendant Tommy Floyd Granger's Answer to Plaintiff's First Amended Complaint was electronically filed and served on this 22nd day of February, 2008:

Peggy S. Bittick
Law Office of Peggy S. Bittick
One Themis Place
2400 South Texas Avenue
Pearland, Texas 77581

Melody G. Chappell
Wells, Peyton, Greenberg & Hunt, L.L.P.
550 Fannin, Sixth Floor, Century Tower, 77701
P.O. Box 3708
Beaumont, Texas 77704-3705

/s/ Robert J. Hambright
Robert J. Hambright