IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| TIFFANY SPILLER<br>*Plaintiff* | § § § | |
| V. | § § | CIVIL ACTION NO. 1:06-CV-722 |
| BEAUMONT INDEPENDENT SCHOOL<br>DISTRICT, DR. CARROL THOMAS,<br>individually and in his representative capacity,<br>ROLAND ANTOINE, individually and<br>in his representative capacity, AND<br>TOMMY FLOYD GRANGER,<br>individually and in his representative capacity<br>*Defendants* | § § § § § § § § | JUDGE MARCIA A. CRONE |

## DEFENDANTS' 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants Beaumont Independent School District, Dr. Carrol Thomas, individually and in his representative capacity, and Roland Antoine, individually and in his representative capacity and file this their Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted and would show the Court the following:

### I.
### STATEMENT OF THE CASE

This action was commenced on November 14, 2006. Plaintiff Tiffany Spiller specifically claimed this is an action to vindicate her civil rights under 42 U.S.C. Section 1983, 20 U.S.C. Sections 1681-1687 (Title IX, Education Amendments of 1972), against various defendants for their violations of her constitutional right to bodily integrity, sexual harassment, and sexual discrimination. Spiller also sued for state law claims of negligence, negligent hiring, negligent

supervision, negligent training, negligent retention, intentional infliction of emotional distress, assault, battery, and false imprisonment.  Defendants are Beaumont Independent School District ("BISD"), Dr. Carrol Thomas ("Thomas"), Roland Antoine ("Antoine"), and Tommy Floyd Granger ("Granger").  [See Plaintiff, Tiffany Spiller's First Amended Complaint and Jury Demand, p. 2]. Dr. Carrol Thomas is the Superintendent of BISD and Roland Antoine is the former principal of Ozen High School, a school within the Beaumont Independent School District.  BISD, Thomas, and Antoine, in both their individual and representative (official) capacities, filed their Answer to Plaintiff's Amended Complaint on or about February 22, 2008. [See Defendants' Answer to Plaintiff's First Amended Complaint].  Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, BISD, Thomas, and Antoine join and file this their 12(b)(6) Motion to Dismiss.

## II.
## MOTION TO DISMISS STANDARD

A rule 12(b)(6) motion raises the defense of a plaintiff's failure to state a claim upon which relief can be granted.  This motion is appropriate when a defendant attacks the complaint because it fails to state a judicially cognizable claim.  A complaint is not subject to dismissal unless it appears certain that the plaintiff cannot possibly be entitled to relief under any set of facts that could be proved in support of its allegations.  *Grisham v. United States*, 103 F.3d 24, 25 (5th Cir. 1997 as amended at 1997 U.S. app. Lexis 12788).  As a practical matter, a 12(b)(6) dismissal should only be granted where the plaintiff pleads himself out of court on the face of the complaint.  *Tel-Phonic Services, Inc. v. TBS Intern., Inc*., 975 F.2d 1134, 1137 (5th Cir. 1992).

# III.
# ARGUMENT AND AUTHORITIES IN SUPPORT OF THE MOTION TO DISMISS

*A.     Representative Capacity Suits Against Dr. Carrol Thomas and Roland Antoine.*

Federal case law makes it clear that individual school employees are not proper parties to this lawsuit and the Defendants will demonstrate that Spiller has failed to state a cognizable claim against these individuals in both their individual and representative capacities. First, the Thomas and Antoine contend that a suit against public officials such as themselves in their official or representative capacity is, in reality, a suit against the governmental entity the officials represent. *See Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct. 358, 361-62 (1991). Thus, insofar as Spiller seeks to recover a judgment against Thomas and Antoine, in their official or representative capacity, those claims are actually asserted against Beaumont ISD, a named defendant, and, therefore, such claims are simply redundant.

*B.     Title IX Does Not Provide A Private Right of Action Against Individuals*

Second, federal law also makes clear that Title IX claims may not be asserted against individuals. In *Bowers v. Baylor University*, 862 F.Supp. 142, 145-146 (W.D. Tex. 1994), the Plaintiff sued Baylor University and several individual administrators and employees alleging violation of Title IX's prohibition of sex discrimination in education programs that receive federal financial assistance. The court, relying on the decision in *Doe v. Petaluma City School District*, 830 F.Supp. 1560 (N.D. Cal. 1993), dismissed the Plaintiff's Title IX claims against the individual administrators and employees, holding that Title IX does not permit claims against individuals who are administrators or employees of separately incorporated educational institutions. *Bowers, Id.* at 145-146.

Title IX does not provide a right of action against individuals because of the plain language of the statute as well as its administrative enforcement scheme. Title IX provides in pertinent part, "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance[.]" 20 U.S.C. Section 1681(a). "By its terms, Title IX prohibits discrimination only by a 'program or activity' receiving federal funding." Smith v. Metropolitan Sch. Dist. Perry Township, 128 F.3d 1014, 1018 (7th Cir. 1997). As such, liability under Title IX extends only to educational institutions, as explained in *Doe v. Petaluma*:

> Since Title IX prohibits discrimination against beneficiaries in programs and activities that receive federal financial assistance, it is the educational institution that must be sued for violations of Title IX. This conclusion is reinforced by the statutory provision for administrative reinforcement, which refers only to actions federal agencies may take against institutions. Pursuant to section 902 of the Act, the ultimate sanctions for noncompliance is termination of federal funds or denial of future grants. While a private right of action for damages exists under Title IX, the fact that administrative enforcement is directed at the institution that receives federal funds suggests that the private right of action is similarly confined to actions against the institution. *Doe v. Petaluma City School District*, 830 F.Supp. 1560, 1576-77 (N.D. Cal. 1993)(citations and quotations omitted).

Based upon the above authorities, Thomas and Antoine are entitled to be dismissed from this cause pursuant to the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure; Plaintiff has failed to assert a cognizable cause of action against Thomas and Antoine under the law upon which she relies.

### C. Plaintiff Has Not Pled A Cognizable Section 1983 Claim Against Thomas and Antoine

Spiller alleges that "At all times material to this Complaint, Defendants were acting under color of federal and state laws, statutes, ordinances, codes and regulations while depriving the Plaintiff of established legal rights, including but not limited to: (a) the right to be free from sexual harassment and sexual abuse; and (b) the right to be free from discrimination on the basis of gender." *(See Paragraph 61 of Plaintiff's Amended Complaint)*

Availability of a claim under Title IX preempts the remedies available under 42 U.S.C. Section 1983, and thus a Title IX claim cannot be brought under 42 U.S.C . Section 1983. *See Boulahanis v. Bd. of Regents*, 198 F.3d 633, 640 (7th Cir. 1999); *Bruneau ex rel. Schofield v. South Kortright Cent. School Dist.*, 163 F.3d 749, 756 (2nd Cir. 1998); *Seamons v. Snow*, 84 F.3d 1226, 1234 n. 8 (10th Cir. 1996); *cf. Lakiski v. James*, 66 F.3d 751, 758 (5th Cir. 1995)(finding that Title IX claim for employment discrimination could not be brought "either directly or derivatively through Section 1983."). For these reasons, Spiller has not pled a cognizable civil rights claim against Thomas or Antoine.

### D. Because Plaintiff has not Plead a Cognizable Section Civil Rights Claim, Thomas and Antoine Are Entitled to Qualified Immunity

Spiller's failure to plead a cognizable civil rights claim against Thomas and Antoine necessarily entitles them to qualified immunity, which is an entitlement to "immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The Fifth Circuit employs a two-step approach to determining whether a public official is entitled to qualified immunity. *See Lukan v. North Forest Indep. Scho. Dist.*, 183 F.3d 342, 346 (5th Cir. 1999). First, a court must determine whether the plaintiff has pled the violation of a constituional right in the first

instance. *See Siegert v. Gilley*, 500 U.S. 226, 231 (1991)(noting that "the determination of whether the plaintiff has asserted a violation of a constituional right at all" is a "necessary concomitant" to the threshold immunity question). If so, a court must then decide if the defendants' conduct was objectively reasonable using the standards applicable at the time the events occurred. *See Lukan*, 183 F.3d at 346.

As shown above, Spiller has not pled a cognizable civil rights claim against Thomas or Antoine, and therefore they are entitled to immunity from suit. As such, Spiller's "claims" against them should be dismissed.

E.  ***State-tort Claims Against BISD, Dr. Carrol Thomas, and Roland Antoine, in Their Official or Representative Capacity.***

Sovereign or governmental immunity is a common-law doctrine long-recognized in Texas; under its principles, governmental entities ". . . as a rule are not liable for injuries resulting from the negligence of their officers or agents, and no recovery can be had in damages unless liability be created by statute." *Harris County v. Gerhart*, 283 S.W. 139, 140 (Tex. 1926); *see State v. Terrell*, 588 S.W.2d 784, 785 (Tex. 1979). As a governmental agency, BISD ". . . is shielded by governmental immunity from liability unless that immunity is waived by the legislature. [Citation omitted]. Any legislative waiver of governmental immunity must be clear and unambiguous [Citation omitted]." *Toungate v. Bastrop Indep. School Dist.*, 842 S.W.2d 823, 828 (Tex. App. - Austin 1992, no writ); *see Mount Pleasant Indep. Sch. Dist. v. Lindburg*, 766 S.W.2d 208, 211 (Tex. 1989). The Texas Tort Claims Act is a statutory waiver of sovereign immunity applicable to tort-based causes of action. TEX. CIV. PRAC. & REM. CODE Sections 101.001 et seq. However, it is a limited waiver. *Ramos v. City of San Antonio*, 974 S.W.2d 112, 116 (Tex. App. - San Antonio 1998, no writ). Under the

provisions of section 101.021 and 101.051 of that Act, a school district may be liable only on causes of action arising from the use or operation of motor vehicles. *See Pierson v. Houston Indep. School Dist.*, 698 S.W.2d 377 (Tex. App. - Houston [14th District] 1985, writ refused n.r.e.).

In the instant matter, it is clear from the pleadings that Spiller's state-tort claims against BISD do not arise from the use or operation of a motor vehicle; therefore, as a matter of law, Spiller's state-law tort claim cannot be made against Beaumont ISD, based upon the doctrine of sovereign immunity. This conclusion is further supported by Section 101.057(2) of that Act, which excludes from the wavier of governmental immunity claims arising out of any intentional tort. *See Delaney v. University of Houston*, 835 S.W.2d 56, 59 (Tex. 1992). Since Spiller fails to allege any tort cause of action based upon the operation or use of a motor vehicle, she fails to state a claim against the District.

Similarly, in Plaintiff's Amended Complaint, she has specifically sued Dr. Carrol Thomas and Roland Antoine, in bother their representative (official) and individual capacities. To the extent Plaintiff raises her state-law tort claims against Thomas and Antoine, in their official or representative capacity, an "official-capacity suit" is a suit against the official's office and not against the official. *Whitehead. v. University of Texas Health Science Ctr.*, 854 S.W.2d 175, 179 (Tex. App. - San Antonio, 1993, no writ). An official-capacity suit is, therefore, no different than a suit against the governmental entity itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also City of Dallas v. England,* 846 S.W.2d 957, 959 (Tex. App. - Austin, 1993, writ dismissed w.o.j.). As noted above, a school district's sovereign immunity is only waived by the Texas Torts Claims Act in cases specifically involving "the use or operation of a motor vehicle." See TEX. CIV. PRAC. & REM. CODE Sections 101.021(1); 101.051; 101.057; *LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835

S.W.2d 49, 51 (Tex. 1992); Barr v. Bernhard, 562 S.W.2d 844 (Tex. 1978).  It is uncontroverted that Spiller's state-law tort claims do not arise from the use or operation of motor vehicle.  Consequently, the immunity available to the individual Defendants, in their representative capacity, is the same as that available to the governmental entity, BISD.  *Esparza v. Diaz*, 802 S.W.2d 772, 778 (Tex. App. - Houston [14th Dist.] 1990, no writ.

## III.
## CONCLUSION AND PRAYER

Based upon the above authorities, Plaintiff's claims against Beaumont Independent School District for state-law tort claims of negligence, intentional infliction of emotional distress, negligent hiring, negligent supervision, negligent training, and negligent retention are entitled to be dismissed from this cause pursuant to the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff's claims against Dr. Carrol Thomas and Roland Antoine in their representative capacity for state-law tort claims of negligence, intentional infliction of emotional distress, negligent hiring, negligent supervision, negligent training, and negligent retention are entitled to be dismissed from this cause pursuant to the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff's Title IX claims against Dr. Carrol Thomas and Roland Antoine, sued in their representative and individual capacities, are entitled to be dismissed from this cause pursuant to the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff's section 1983 claims against Dr. Carrol Thomas and Roland Antoine, in their representative and individual capacity, are entitled to be dismissed from this cause pursuant to the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Defendants Beaumont Independent School District, Dr. Carrol Thomas, and Roland Antoine pray that their Motion to Dismiss be granted and that the Court grant all such other and further relief, special or general, at law or in equity, to which the said Defendants show themselves justly entitled.

Respectfully submitted,

WELLS, PEYTON, GREENBERG &
    HUNT, LLP

By:   /s/ *Melody G. Chappell*
       Melody G. Chappell
       Attorney-in-Charge
       Texas Bar No. 00785096
       Nancy Y. Hart
       Texas Bar No. 24012795
       550 Fannin Street, Sixth Floor
       Beaumont, Texas 77701
       Telephone: (409) 838-2644
       Fax: (409) 838-4713

ATTORNEYS FOR DEFENDANTS BEAUMONT INDEPENDENT SCHOOL DISTRICT, DR. CARROL THOMAS, AND ROLAND ANTOINE

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Defendants Beaumont Independent School District, Dr. Carrol Thomas, and Roland Antoine conferred with Plaintiff's Counsel (Peggy S. Bittick) and she is opposed to the motion, and to Defendant Tommy Floyd Granger's Counsel (Robert Hambright) and he is not opposed to the motion.

                        /s/ *Nancy Y. Hart*
                        NANCY Y. HART

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the following counsel of record as follows:

***VIA E-FILE NOTIFICATION***
Ms. Peggy S. Bittick
One Themis Place
2400 South Texas Avenue
Pearland, Texas 77581
*Attorney for Plaintiff*

***VIA E-FILE NOTIFICATION***
Mr. Robert J. Hambright
Orgain, Bell & Tucker
P.O. Box 1751
Beaumont, Texas 77704
*Attorney for Defendant Tommy Floyd Granger*

DATED:   October 13, 2008.

/s/ *Melody G. Chappell*
MELODY G. CHAPPELL