IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| TIFFANY SPILLER<br>*Plaintiff*<br><br>v.<br><br>BEAUMONT INDEPENDENT SCHOOL DISTRICT, DR. CARROL THOMAS, individually and in his representative capacity, ROLAND ANTOINE, individually and in his representative capacity, AND TOMMY FLOYD GRANGER, individually and in his representative capacity<br>*Defendants* | CIVIL ACTION NO. 1:06-CV-722<br><br>JUDGE MARCIA A. CRONE |

## DEFENDANT GRANGER'S 12(b)(6) MOTION TO DISMISS CLAIMS UNDER TITLE IX FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

TO THE HONORABLE COURT:

NOW COMES Defendant Tommy Floyd Granger ("Granger"), and files this his Motion to Dismiss Claims Under Title IX for Failure to State a Claim upon Which Relief Can Be Granted, as follows:

### I.
### STATEMENT OF THE CASE

This action was commenced on November 14, 2006. By her First Amended Petition Plaintiff Tiffany Spiller sues Granger and three other defendants. While the First Amended Complaint appears clear as to which of Spiller's claims are lodged against the various defendants, Spiller's claim under 20 U.S.C. Sections 1681-1687 (Title IX, Education Amendments of 1972) appears to be brought against all "defendants," presumably including Granger. Plaintiff's First Amended Complaint at ¶¶ 49-60. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Granger files

1

this his 12(b)(6) Motion to Dismiss to the extent that Spiller's claim under Title IX are asserted against Granger.

## II.
## MOTION TO DISMISS STANDARD

A Rule 12(b)(6) motion raises the defense of a plaintiff's failure to state a claim under which relief can be granted. This motion is appropriate when a defendant attacks the complaint because it fails to state a judicially cognizable claim. A complaint is not subject to dismissal unless it appears certain that the plaintiff cannot possibly be entitled to relief under any set of facts that could be proved in support of its allegations. *Grisham v. United States*, 103 F.3d 24, 25 (5th Cir. 1997 as amended at 1977 U.S. app. Lexis 12788). As a practical matter, a 12(b)(6) dismissal should only be granted where the plaintiff pleads himself out of court on the face of the complaint. *Tel-Phonic Services, Inc. v. TBS Intern., Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

## III.
## ARGUMENT AND AUTHORITIES IN SUPPORT OF THE MOTION TO DISMISS

### *Title IX Does Not Provide A Private Right of Action Against Individuals*

Federal law makes clear that Title IX claims may not be asserted against individuals. In *Bowers v. Baylor University*, 862 F.Supp. 142, 145-146 (W.D. Tex. 1994), the plaintiff sued Baylor University and several individual administrators and employees alleging violation of Title IX's prohibition of sex discrimination in education programs that receive federal financial assistance. The court, relying on the decision in *Doe v. Petaluma City School District*, 830 F.Supp. 1560 (N.D. Cal. 1993), dismissed the plaintiff's Title IX claims against the individual administrators and employees, holding that Title IX does not permit claims against individuals who are administrators or employees of separately incorporated educational institutions. *Bowers, Id.* at 145-145.

2

Title IX does not provide a right of action against individuals because of the plain language of the statute as well as its administrative enforcement scheme. Title IX provides in pertinent part, "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance[.]" 20 U.S.C. Section 1681(a). "By its terms, Title IX prohibits discrimination only by a 'program or activity' receiving federal funding." *Smith v. Metropolitan Sch. Dist. Perry Township*, 128 F.3d 1014, 1018 (7th Cir. 1997). As such, liability under Title IX extends only to educational institutions, as explained in *Doe v. Petaluma*:

> "Since Title IX prohibits discrimination against beneficiaries in programs and activities that receive federal financial assistance, it is the educational institution that must be sued for violations of Title IX. This conclusion is reinforced by the statutory provision for administrative reinforcement, which refers only to actions federal agencies may take against institutions. Pursuant to section 902 of the Act, the ultimate sanctions for noncompliance is termination of federal funds or denial of future grants. While a private right of action for damages exists under Title IX, the fact that administrative enforcement is directed at the institution that receives federal funds suggests that the private right of action is similarly confined to actions against the institution."

*Doe v. Petaluma City School District*, 830 F.Supp. 1560, 1576-77 (N.D. Cal. 1993) (citations and quotations omitted.)

Based upon the above authorities, Spiller's claims, if any, against Granger under Title IX should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## IV.
## CONCLUSION AND PRAYER

Based upon the above authorities, Plaintiff's Title IX claims, if any, against Granger should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant Granger prays that this Motion to Dismiss be granted and that the Court grant all such other and further relief, special or general, at law or in equity, to which Granger may show himself to be justly entitled.

Respectfully submitted,

ORGAIN BELL & TUCKER, LLP
470 Orleans Street
P. O. Box 1751
Beaumont, TX 77704-1751
(409) 838-6412 Telephone
(409) 838-6959 Facsimile

Robert J. Hambright
State Bar No. 08814300

ATTORNEYS FOR DEFENDANT
TOMMY FLOYD GRANGER

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on the following counsel of record as follows on this 15th day of October, 2008:

***VIA E-FILE NOTIFICATION***
Peggy S. Bittick
Law Office of Peggy S. Bittick
One Themis Place
2400 South Texas Avenue
Pearland, Texas 77581

***VIA E-FILE NOTIFICATION***
Nancy Y. Hart
Melody G. Chappell
Wells, Peyton, Greenberg & Hunt, L.L.P.
550 Fannin, Sixth Floor, Century Tower, 77701
P.O. Box 3708
Beaumont, Texas 77704-3705

Robert J. Hambright